IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CORNELIUS WHITE, JR., | : | |
| INMATE NO. 1282233, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-1343-WSD |
| CLAYTON COUNTY SHERIFF, | : | |
|     Defendant. | : | |

## ORDER AND OPINION

Plaintiff Cornelius White, Jr. ("Plaintiff") has submitted this *pro se* civil rights complaint. The matter is before this Court for a 28 U.S.C. § 1915A frivolity determination.

**I.   The Standard of Review**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

"To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must show that the violative conduct was committed by a person acting under the color of state law and that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002) (internal quotation omitted). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint should be dismissed, pursuant to 28 U.S.C. § 1915A. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face").

**II.    Discussion**

Plaintiff makes several allegations related to his confinement at the Clayton County Detention Center. First, Plaintiff alleges that on one occasion he was denied access to his lawyer because he was placed in lockdown. (Doc. 1

AO 72A
(Rev.8/82)

at ¶ IV.) Plaintiff claims the lockdown occurred because one of his cell-mates had an altercation with a detention center official. (*Id.*) Plaintiff states that he was not involved in the altercation. (*Id.*) As a result of the lockdown, Plaintiff was not able to telephone his attorney at that time to discuss the possibilities of obtaining a lower bond. (*Id.*)

Plaintiff complains that the detention center is overcrowded because three detainees are placed in one cell. (*Id.*) Consequently, one detainee is required to sleep on the floor. (*Id.*) Plaintiff does not allege that he has been forced to sleep on the floor.

According to Plaintiff, several detainees have developed staph infections. (*Id.*) At the time he executed this complaint, Plaintiff allegedly had a bump on the back of his head which he fears is infected, and he was awaiting medical attention. (*Id.*)

Plaintiff makes several other complaints about the conditions at the detention center. These complaints include: (1) an uncontrollable amount of bugs and mildew in the detention center showers; (2) mentally ill and homosexual detainees being placed in the detention center's general population; (3) improper maintenance of the detention center's air conditioning filter

system; (4) delayed response by detention center officials when a detainee presses the emergency call button; and (5) the food is unsavory and detainees are not given a sufficient amount of food. (*Id.*)

As a result of being subjected to these living conditions, Plaintiff asks this Court to order his immediate release. (*Id.* at ¶ V.) Plaintiff, who has been charged with loitering, prowling, and possession of a "microdot" of cocaine, also seeks an order from this Court directing that his criminal charges be dismissed. (*Id.*)

Release from custody is not an available remedy in a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973). Instead, "[c]hallenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).

However, this action should not be re-filed as a habeas corpus petition. While Plaintiff discusses the circumstances of his pre-trial confinement, the relief he seeks would require this Court to become involved in his pending Clayton County criminal case. In general, "federal courts should abstain from interfering with ongoing state criminal prosecutions." *Abusaid v. Hillsborough*

*County Board of County Commissioners*, 405 F.3d 1298, 1315 n.9 (11th Cir. 2005) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Obviously, if this Court were to order Plaintiff's release and to have the charges against him dismissed, his Clayton County criminal case would be inappropriately disrupted. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (direct and indirect interference with state proceedings is prohibited).

There are three narrow circumstances which permit a federal court to intervene in a pending state criminal case, but those circumstances only concern issues related to the prosecution of the state criminal case. *See Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (listing the limited circumstances under which a federal court may intervene in a state criminal case). Because Plaintiff is not raising issues related to the prosecution of his Clayton County criminal case, this Court is prohibited from granting his requested relief. Therefore, Plaintiff's civil rights action should be dismissed without prejudice. *See Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 32 n.4 (1st Cir. 2004) ("a dismissal on *Younger* grounds is without prejudice"); *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (relying on *Maymo-Melendez* to hold that dismissal pursuant to *Younger* is without prejudice).

5

**III.    Conclusion**

**IT IS ORDERED** that this *pro se* civil rights action is **DISMISSED WITHOUT PREJUDICE**.  For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action *in forma pauperis*.

**IT IS SO ORDERED**, this 28th day of May, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE